RECEIVED
IN ALEXANDRIA, LA
AUG 07 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD MEAUX | CIVIL ACTION NO. 07-0334 |
| -vs- | JUDGE DRELL |
| BRIDGESTONE/FIRESTONE | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the Court is a motion for summary judgment (Doc. 16) filed by sole defendant Firestone Polymers, LLC ("Firestone") (incorrectly referred to as Bridgestone/Firestone in the complaint). For the reasons set forth below, the motion is denied.

## BACKGROUND

The following facts, as written in Firestone's statement of material facts submitted pursuant to LR56.1, are admitted by the plaintiff, Donald Meaux:

1. Mr. Meaux was employed at Firestone Polymers, LLC from May 22, 1989 until September 12, 2005.

2. At 11:30 p.m. on September 10, 2005, Mr. Meaux attempted to leave the Company parking lot. As he was backing out, he hit and damaged one vehicle. When asked where he was going, Mr. Meaux stated that he was going home because his shift was over at 12:00 midnight. His shift was actually scheduled to end at 6:00 a.m.

(Doc. 16-3). What happened after that point is disputed to varying degrees. What is clear is that a third party was called to the scene to administer drug screening on Mr.

Meaux, but Mr. Meaux was unable to provide the sample as required. The parties disagree as to whether Mr. Meaux was <u>willing</u> to provide the sample, but it is evidently undisputed that he was <u>unable</u> to provide the sample because he was incapacitated. Mr. Meaux was then transported to West Calcasieu Cameron Hospital, where he was admitted for observation due to an overdose of drugs that may or may not have been prescribed to him.

In any event, Firestone conducted an investigation into the incident, as a result of which it terminated Mr. Meaux for violation of Firestone's established "Drug Free Workplace Policy." On February 16, 2007, Mr. Meaux filed this suit, claiming Firestone terminated him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., because "he had successfully completed a drug rehabilitation program and, at the time of his termination, he was not engaged in the illegal consumption of control [sic] substances." (Doc. 1, par. 8).

On May 7, 2008, Firestone filed the instant motion for summary judgment (Doc. 16), asserting that Mr. Meaux cannot prove the elements necessary to establish that he is or was disabled under the provisions of the ADA, and he cannot prove that his termination was pretextual or discriminatory. In general, Firestone claims that it did not know of Mr. Meaux's drug rehabilitation program participation and that, in any event, Mr. Meaux was not disabled under the ADA because he was currently engaged in the illegal use of drugs on September 10, 2005. In response, Mr. Meaux argues that Firestone did know of his drug treatment and the drugs at issue were prescribed to him. We address the merits of the motion below.

2

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## ANALYSIS

This entire case turns on whether Mr. Meaux is a "qualified individual with a disability" under the relevant provisions of the ADA, particularly 42 U.S.C. § 12114, which provides, in relevant part:

> (a) Qualified individual with a disability
>
> For purposes of this subchapter, the term "qualified individual with a disability" shall not include any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use.
>
> (b) Rules of construction
>
> Nothing in subsection (a) of this section shall be construed to exclude as a qualified individual with a disability an individual who--
>
>> (1) has successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully <u>and is no longer engaging in such use</u>;
>>
>> (2) is participating in a supervised rehabilitation program <u>and is no longer engaging in such use</u>; or
>>
>> (3) is erroneously regarded as engaging in such use, <u>but is not engaging in such use</u>;
>
> except that it shall not be a violation of this chapter for a covered entity to adopt or administer reasonable policies or procedures, including but not limited to drug testing, designed to ensure that an individual described in paragraph (1) or (2) is no longer engaging in the illegal use of drugs. * * *

Id.

Clearly, if Mr. Meaux was "currently engaging in the illegal use of drugs" on September 10, 2005, he is not entitled to the protections of the ADA, regardless of whether or not he completed a supervised drug rehabilitation program or not, and

4

regardless of whether or not Firestone knew of that program[1], because Firestone clearly acted "on the basis of such use," assuming it to be illegal. The issue here, then, is whether or not Mr. Meaux engaged in the illegal use of drugs, and, more specifically, whether those drugs were prescribed to him or not.

Firestone asserts that the drugs were not prescribed to Mr. Meaux, while Mr. Meaux asserts that they were. The defendants point to Mr. Meaux's uncertainty, at his deposition, as to how much of the drugs he took on or before September 10, 2005. However, at no point during the deposition did Mr. Meaux admit that the drugs were not prescribed to him at the time of the incident. To the contrary, Mr. Meaux stated that the drugs had been prescribed to him, though he was uncertain as to who had prescribed them, or when.

In short, Firestone has presented no definitive evidence establishing the lack of a prescription, and Mr. Meaux's own testimony suggests that the drugs were prescribed to him. We are surprised that Mr. Meaux has not presented the prescription itself at this stage, because that would have been the most relevant evidence. Nevertheless, although Mr. Meaux's own uncertain statements at his deposition may not be sufficiently strong to prevail at trial, in light of our ability to weigh other evidence, those statements do present a genuine issue of material fact sufficient to survive summary judgment. This

---

[1] Although Firestone asserts that it did not know of Mr. Meaux's drug treatment, Mr. Meaux has submitted a form entitled "Firestone Polymers, LLC Accident Sickness Status Report" (Doc. 21-3, p. 1) which seriously casts doubt on Firestone's assertion. Under "Give job related medical reason(s) why patient is presently unable to perform his/her duties," the form is completed: "currently in 28 day inpatient treatment for opiate dependency." The form is stamped "RECEIVED HUMAN RESOURCES," with the stamp dated June 27, 2005. This form obviously creates a genuine issue of fact as to whether Firestone knew of Mr. Meaux's drug treatment, but that fact is not material to this ruling.

is especially true in light of the fact that Firestone presented no credible evidence in support of its conclusory allegations that the drugs were not prescribed.[2]

**CONCLUSION**

For the foregoing reasons,

IT IS ORDERED that Firestone's motion for summary judgment (Doc. 16) is DENIED.

SIGNED on this 7th day of August, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[2] Although the affidavit of Firestone Human Resources Manager Sheryl H. Griffin states that Mr. Meaux "was admitted [to the hospital] for observation due to an overdose of non-prescribed drugs" (Doc. 16-6, p. 2), the basis for Ms. Griffin's assertion is not stated, and there is no record evidence to support it.