U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 0 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD MEAUX | CIVIL ACTION NO. 07-0334 |
| v. | JUDGE DRELL |
| BRIDGESTONE/FIRESTONE | MAGISTRATE JUDGE KIRK |

### RULING

Before the court is a motion to reconsider (Doc. 38) filed by defendant Firestone Polymers, LLC ("Firestone"). Firestone moves the court to grant its earlier-filed motion for summary judgment which we denied. For the reasons below, after reconsidering the matter we now grant Firestone's motion for summary judgment (Doc. 16).

I. **Background**

As recounted in our earlier ruling, Plaintiff Donald Meaux's employment with Firestone was terminated for violation of an established "Drug Free Workplace Policy" after he overdosed on drugs and wrecked his car in Firestone's parking lot while attempting to leave work early, requiring his admission to the hospital. On February 16, 2007, Mr. Meaux filed this suit, claiming Firestone terminated him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., because "he had

successfully completed a drug rehabilitation program and, at the time of his termination, he was not engaged in the illegal consumption of control[led] substances." (Doc. 1, par. 8). Firestone filed a instant motion for summary judgment (Doc. 16), asserting that Mr. Meaux was not disabled under the ADA because he was currently engaged in the illegal use of drugs on the date of his overdose and accident in the parking lot. In response, Mr. Meaux argued the drugs at issue were prescribed to him. We denied Firestone's motion for summary judgment, observing that:

> In short, Firestone has presented no definitive evidence establishing the lack of a prescription, and Mr. Meaux's own testimony suggests that the drugs were prescribed to him. We are surprised that Mr. Meaux has not presented the prescription itself at this stage, because that would have been the most relevant evidence. Nevertheless, although Mr. Meaux's own uncertain statements at his deposition may not be sufficiently strong to prevail at trial, in light of our ability to weigh other evidence, those statements do present a genuine issue of material fact sufficient to survive summary judgment. This is especially true in light of the fact that Firestone presented no credible evidence in support of its conclusory allegations that the drugs were not prescribed.

(Doc. 31, at 5–6). After further discovery which we specifically authorized, plaintiff was unable to produce any evidence of a prescription other than one for twenty pills after a tooth extraction on July 19, 2005. (Mr. Meaux was fired after the incident on September 10, 2005—almost two months later.) Firestone then brought these disclosures and the plaintiff's medical records to the court's attention at the pretrial conference. As such, we granted Firestone forty-five days from the pretrial conference to file their motion to reconsider their earlier motion, noting in the minutes of the pretrial conference (Doc. 36) that "Plaintiff will have the usual time to respond and is advised that whether or not the Plaintiff actually had a prescription is a pivotal issue."

## II. Analysis

As we stated in our ruling denying summary judgment, this entire case turns on whether Mr. Meaux is a "qualified individual with a disability" under the relevant provisions of the Americans with Disabilities Act ("ADA"), particularly 42 U.S.C. § 12114, which provides in relevant part:

> (a) Qualified individual with a disability
>
> For purposes of this subchapter, the term "qualified individual with a disability" *shall not include any employee or applicant who is currently engaging in the illegal use of drugs*, when the covered entity acts on the basis of such use.
>
> (b) Rules of construction
>
> Nothing in subsection (a) of this section shall be construed to exclude as a qualified individual with a disability an individual who—
>
> > (1) has successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully *and is no longer engaging in such use*;
> >
> > (2) is participating in a supervised rehabilitation program *and is no longer engaging in such use*; or
> >
> > (3) is erroneously regarded as engaging in such use, *but is not engaging in such use*;
>
> except that it shall not be a violation of this chapter for a covered entity to adopt or administer reasonable policies or procedures, including but not limited to drug testing, designed to ensure that an individual described in paragraph (1) or (2) is no longer engaging in the illegal use of drugs.

*Id.* (emphases added).

Clearly, if Mr. Meaux was "currently engaging in the illegal use of drugs" on September 10, 2005, he is not entitled to the protections of the ADA. The issue here is

3

whether those drugs were prescribed to him or not. Plaintiff was, at least during the relevant time period, an opiate addict whose medical records show that he consumed anywhere from four (*Plaintiff's Deposition*, Doc. 16-5, at 33-34) to ten or twenty (*Plaintiff's Medical Records*, Doc. 43-2, at 2) pills per day. To prove the legality of his drug use, Plaintiff could produce only a prescription from July 19, 2005 for twenty pills, and has testified that he could not remember if the pills he took on September 10, 2005 (which were of sufficient quantity to render him stuporous to the point of being incapable of responding to care providers upon his hospital admission) were from that July prescription. In any event, he testified that he took the pills on September 10 "[b]ecause [his] elbow was hurting." *Plaintiff's Deposition*, Doc. 16-5, at 33-34. That is hardly lawful use of a prescription associated with oral surgery.

In sum, we made it clear to Mr. Meaux that the pivotal issue of fact behind our reconsideration of the motion for summary judgment on his ADA claim was whether he had a prescription for the drugs that he alleged to be the cause of his September 2005 overdose and subsequent termination by Firestone. Plaintiff has provided no evidence of the legality of his prescription, and, in light of his medical history and testimony, to believe that because of elbow pain in mid-September Mr. Meaux overdosed on leftover pills from a mid-July dental prescription simply defies law and reason. Because the ADA defines "qualified individual with a disability" to exclude "any employee or applicant who is currently engaging in the illegal use of drugs," 42 U.S.C. § 12114, Mr. Meaux is not a qualified individual with a disability under the ADA. Because there is no longer any genuine issue of material fact, summary judgment is proper.

## III. Conclusion

For the foregoing reasons, Firestone's motion for summary judgment (Doc. 16) will be GRANTED by separate judgment.

SIGNED on this 10 day of June, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE